S01A0142. GEORGIA BOARD OF DENTISTRY v. BROOKS.
(548 SE2d 284)

FLETCHER, Presiding Justice.

The Georgia Board of Dentistry brought a disciplinary complaint against Dr. C. Paschal Brooks based on the allegations of one patient that Brooks made an ill-fitting denture. On Brooks' petition for judicial review, the trial court held that the Board's rules were unconstitutional and also that Brooks was entitled to summary determination on the merits. We granted the Board's application to appeal. Because the trial court's ruling on summary determination is supported by the record, we do not reach the constitutional issues, and affirm.

The Board notified Brooks that it was prepared to file a formal complaint against him alleging that he deviated from the minimal standards of acceptable and prevailing dental practice. The allegations against Brooks were that he made a denture without wire clasps, that the denture did not fit well, and that a denture without clasps was contraindicated for the patient. The Board proposed that Brooks accept a consent order admitting that his conduct constituted sufficient grounds for sanctions, imposing a three-year probation period, and requiring a $1,500 fine payable to the Board. Brooks refused the consent order and the Board served him with a notice of hearing. Brooks denied the formal allegations and filed several pre-hearing motions, including a motion for summary determination[1] and a motion challenging the constitutionality of the Board's rules. The administrative law judge denied these motions, and Brooks sought judicial review in the superior court.

1. During oral argument, the Board asserted that the superior court erred in denying its motion to dismiss for failure to exhaust administrative remedies. The Board failed to raise this issue as an enumeration of error or in its brief, and, therefore, it is not preserved for appellate review.[2]

2. Brooks supported his motion for summary determination with his own affidavit in which he averred that he met the standard of care in his treatment of the patient and in making dentures for her. His office notes show that he made a denture with wire clasps. The Board responded with an affidavit of an expert that he examined the patient and a set of dentures, and because the denture did not have wire clasps, it did not conform to the minimal standard of care. The Board made no effort to establish that the denture examined by its expert was the same denture supplied by Brooks. In response to a motion for summary determination, the Board was required to establish the existence of a genuine issue of material fact "by affidavit or other probative evidence."[3] Having failed to make the critical evidentiary connection, the Board did not meet its burden of proof, and the trial court did not err in entering summary determination in favor of Brooks and dismissing the complaint with prejudice.

3. Because our ruling in Division 2 disposes of the case, we do not reach the constitutional challenges raised by Brooks.[4]

*Judgment affirmed. All the Justices concur.*

---

[1] Ga. Comp. R. & Regs r. 616-1-1-.15.

[2] *Lee v. State*, 265 Ga. 112, 116 (454 SE2d 761) (1995) (appellate court is precluded from reviewing trial court's ruling if not set forth in enumeration of errors).

[3] Ga. Comp. R. & Regs r. 616-1-2-.15 (3).

[4] *Board of Tax Assessors v. Tom's Foods, Inc.*, 264 Ga. 309, 310 (444 SE2d 771) (1994).

DECIDED JUNE 4, 2001.

*Thurbert E. Baker, Attorney General, Robert S. Bomar, Deputy Attorney General, Janet B. Wray, Senior Assistant Attorney General, Aaron B. Mason, Assistant Attorney General*, for appellant.

*William S. Stone*, for appellee.