S01A0771. GARDEN CLUB OF GEORGIA et al.
v. SHACKELFORD et al.
(560 SE2d 522)

FLETCHER, Chief Justice.

The issue in this appeal is whether the statute and regulations providing for the removal of public property to permit the viewing of outdoor advertising signs on private property violate the gratuities clause of the Georgia Constitution.[1] We affirm the trial court's holding that OCGA § 32-6-75.3 is constitutional because the statute provides a substantial benefit to the state through the information given to the traveling public on billboards and through the payment of the value of the trees removed. Because DOT failed to comply with the statute's procedural requirements, however, we are unable to address the constitutionality of the regulations. Instead, we hold that the regulations are invalid based on DOT's failure to consult with the Roadside Enhancement and Beautification Council as required by OCGA § 32-6-75.1.

In *Garden Club of Georgia v. Shackelford,*[2] this Court invalidated the Department of Transportation's rules allowing the trimming of trees and vegetation on the highway rights-of-way. In response, the Georgia General Assembly enacted new statutory provisions, OCGA §§ 32-6-75.1 to 32-6-75.3. Pursuant to the statute, the DOT promulgated new rules under the Georgia Administrative Procedure Act and adopted a Manual of Guidance entitled "Vegetation Management at Outdoor Advertising Signs." The Garden Club of Georgia challenged the statute, rules, and manual in a suit against the DOT and its commissioner, Wayne Shackelford, and in a previous appeal this Court affirmed the trial court's decision enjoining the DOT from issuing tree-cutting permits until a final hearing.[3] Following a non-jury trial, the trial court adopted and entered an order prepared by the DOT, upholding the statute, rules, and manual and dissolving the interlocutory injunction. The Garden Club appeals.

---

[1] See Ga. Const. art. III, sec. VI, para. VI.
[2] See 266 Ga. 24 (463 SE2d 470) (1995).
[3] See *Outdoor Advertising Ass'n v. Garden Club*, 272 Ga. 146 (527 SE2d 856) (2000).

## CONSTITUTIONALITY OF STATUTE

1. The Georgia Constitution prohibits the General Assembly from granting "any donation or gratuity." We have previously interpreted "gratuity" as a gift, concluding that there is no gratuity when the state receives a substantial benefit in exchange for the use of public property.[4]

In *Garden Club I*, we held that the DOT regulations violated the constitutional prohibition against the granting of gratuities because "an unobstructed view of outdoor advertising signs on private property supports the sign owners without providing a substantial benefit to the state or its citizens." Our rationale was that the information provided the traveling public was insufficient by itself to qualify as a substantial benefit since travelers could obtain the same information about available goods and services from other sources without the loss of the state's natural resources. In reaching that conclusion, we rejected the argument that the General Assembly had determined that outdoor advertising provides substantial benefits and relied instead on the general statutory scheme that favored highway safety and beauty over an unobstructed view of private billboard advertising.

In direct response, the Georgia General Assembly declared in the 1998 act that "outdoor advertising provides a substantial service and benefit to Georgia and Georgia's citizens as well as the traveling public."[5] OCGA § 32-6-75.3 (a) (2) states that it is in the public interest for outdoor advertising signs to be visible to provide information regarding places offering lodging, food, motor vehicle fuels, and any other service or product available to the general public. This legislative finding or statement of intent shows that our legislature, unlike many states, has chosen to allow the cutting of trees on public property so that the public can see signs located on private property.[6] Acknowledging the equal importance of the state's beauty and environmental health to the traveling public, the General Assembly concluded that the state must balance all of these specified needs in regulating outdoor advertising.

To implement this policy and address the problems found in *Garden Club I*, the legislature enacted provisions setting out a permit system to control vegetation on the state rights-of-way. The statute requires billboard owners to pay for the right to trim and remove

---

[4] See *Swanberg v. City of Tybee Island*, 271 Ga. 23 (518 SE2d 114) (1999); *Haggard v. Board of Regents*, 257 Ga. 524 (360 SE2d 566) (1987); *Smith v. Board of Commissioners*, 244 Ga. 133 (259 SE2d 74) (1979).

[5] OCGA § 32-6-75.3 (a) (2).

[6] See David C. Moulds, Peach Sheet, *Highways, Bridges, and Ferries*, 15 GA. ST. U.L. REV. 136, 137 (1998).

trees in two ways. Subsection (d) requires permit applicants to pay application and renewal fees in reasonable amounts to allow full recovery of the administrative costs of the program. Subsection (e) (1) further requires the applicant to pay the value of the trees or vegetation that are cut or removed from public property. Under this subsection, the billboard owners must provide or pay DOT for landscaping at a value that "is not less than the department's appraised value of the benefit to be conferred by the state upon the applicant . . . , which shall be the value of the trees or vegetation to be trimmed or removed." There is an exception if the billboard owner pays the DOT the difference between the value of the landscaping and the department's appraised value of the trees.

Whether the statute violates the gratuities clause is a mixed question of law and fact. Under this standard of review, we must defer to the trial court's factual findings unless clearly erroneous, but are not bound by its legal conclusions.[7] As a result, this Court's responsibility is to decide whether the new statutory provisions provide a benefit to the public that is sufficiently substantial to avoid being an unconstitutional gratuity.

After reviewing the legislative scheme outlined in OCGA § 32-6-75.3, we conclude that the statute does not violate the gratuities clause of the Georgia Constitution. First, the legislature stated that outdoor advertising benefits the state, and the DOT and outdoor advertising association presented evidence at trial that the traveling public benefits from billboard advertising by receiving information that assists them in making decisions. Second, the statutory provisions now require that the private individuals who benefit financially from the removal of the trees on public property pay for the privilege of enabling the public to view their privately-owned signs unimpeded by trees and other natural obstructions. Specifically, the statute requires permit applicants to pay the "appraised value of the benefit" that the state confers, which the statute defines as the value of the affected trees. Although the General Assembly could have chosen other ways to deal with the issue,[8] we cannot say that its decision to allow the cutting of trees on public property in exchange for information on billboards and the payment of the value of the trees amounts to an illegal gift under our constitution.[9] Therefore, we affirm the

---

[7] See *Suggs v. State*, 272 Ga. 85 (526 SE2d 347) (2000) (appellate court must independently apply the legal principles to the facts).

[8] See, e.g., Annotation, *Governmental Liability for Compensation or Damages to Advertiser Arising from Obstruction of Public View of Sign or Billboard on Account of Growth of Vegetation in Public Way*, 21 A.L.R.4TH 1309 (2001); *Lamar Advertising v. City of Albany*, 260 Ga. 46 (389 SE2d 216) (1990) (city may eliminate sign entirely under some circumstances).

[9] See *Thompson v. State*, 254 Ga. 393 (330 SE2d 348) (1985) (deferring to legislative judgment in enacting sentencing scheme).

trial court's ruling that the statute is constitutional.

## VALIDITY OF DOT REGULATIONS

2. The general rule is that a court will not consider a constitutional challenge if there is a non-constitutional basis for resolving the case.[10] We do not address the constitutionality of the regulations in this appeal because the DOT violated mandatory procedures in promulgating the rules.

OCGA § 32-6-75.1 provides for a 12-member Roadside Enhancement and Beautification Council to assist the DOT in formulating policies and resolving problems related to the vegetation removal program. The statute expressly states that the "council shall" (1) review and recommend standards and policies to be used in trimming and removing vegetation on state rights-of-way; (2) recommend standards for landscape and maintenance plans of billboard owners; (3) review the performance and compliance of permit holders; and (4) perform other functions that DOT specifies.[11]

Despite this mandatory language, the DOT promulgated its regulations without waiting for the appointment of the advisory council specified by the legislature. Because the DOT failed to involve the Roadside Enhancement and Beautification Council in the rulemaking process as required by OCGA § 32-6-75.1, we conclude that the regulations were not validly promulgated under the statute. Therefore, we reverse the trial court's decision upholding the regulations.

3. The Garden Club's final contention that the Manual of Guidance must be promulgated pursuant to the Administrative Procedure Act is without merit.[12]

*Judgment affirmed in part and reversed in part. Sears, P. J., Carley and Thompson, JJ., and Chief Judge Joe C. Bishop concur. Benham and Hunstein, JJ., concur in Divisions 1 and 2 and in the judgment. Hines, J., disqualified.*

DECIDED FEBRUARY 25, 2002 —
RECONSIDERATION DENIED MARCH 11, 2002.

*Meadows, Ichter & Trigg, Michael J. Bowers, T. Joshua R. Archer, Christopher S. Anulewicz*, for appellants.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Cathy Ann Cox-Brakefield, Assistant Attorney*

---

[10] See *Board of Tax Assessors v. Tom's Foods*, 264 Ga. 309 (444 SE2d 771) (1994); *Georgia Board of Dentistry v. Brooks*, 273 Ga. 852 (548 SE2d 284) (2001).

[11] See OCGA § 32-6-75.1 (b) (1), (2), (3), and (6).

[12] See OCGA §§ 32-6-90; 50-13-2 (6) (f).

*General, Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Groover & Childs, Denmark Groover, Jr., Duke R. Groover,* for appellees.

*Troutman Sanders, Arthur H. Domby,* amicus curiae.