S13A0079. CITY OF COLUMBUS et al. v. GEORGIA
DEPARTMENT OF TRANSPORTATION et al.
S13X0080. CBS OUTDOOR, INC. et al. v. CITY OF COLUMBUS.
S13X0081. GEORGIA DEPARTMENT OF TRANSPORTATION
et al. v. CITY OF COLUMBUS et al.
(742 SE2d 728)

MELTON, Justice.

This is the third appearance of this statutory matter before this Court. This appeal, as did the prior two, revolves around the constitutionality of OCGA § 32-6-75.3, which allows vegetation, including trees, to be removed in order to facilitate billboard advertising under specific circumstances and with remuneration to the State for removed trees. Although this Court originally found that a prior version of the statute violated the gratuities clause of the state constitution, *Garden Club of Georgia v. Shackelford*, 266 Ga. 24 (463 SE2d 470) (1995) (*Garden Club I*), we later found the statute to be constitutional after it was amended by the Legislature to indicate that "outdoor advertising provides a substantial service and benefit to Georgia and Georgia's citizens as well as the traveling public." OCGA § 32-6-75.3 (a) (2). *Garden Club of Georgia v. Shackelford*, 274 Ga. 653 (560 SE2d 522) (2002) (*Garden Club II*).

The present matter involves a 2007 challenge by the City of Columbus, Gateways Foundation, Inc., and Trees Columbus, Inc., to applications for vegetation maintenance permits submitted by CBS Outdoor, Inc., to the Georgia Department of Transportation ("GDOT"). In 2011, the Legislature passed HB 179, which amends OCGA § 32-6-75.3 by enlarging the "viewing zone" that an advertiser may clear around a billboard and altered the number and type of trees which may be removed. Billboard owners are now precluded under OCGA § 32-6-75.3 (e) (3) (D) from cutting trees in front of signs only when the targeted

vegetation is a landmark, historic or specimen tree, or "part of a permitted local, state, or federal beautification project" planted before July 1, 2011. After the passage of HB 179, Columbus filed an amended petition, challenging the constitutionality of the revised statute and GDOT's Manual of Guidance ("MOG") which establishes the tree-valuation procedure to determine amounts to be paid to the State to allow removal of trees blocking the visibility of existing billboards. Columbus also raised claims related to alleged "permitted beautification projects" within Columbus-Muscogee County which they contend should be protected from any tree removal. In this regard, Columbus alleged that the statute failed to adequately set forth exactly what qualifies as a "permitted beautification project," and, in any event, the pre-existing beautification projects in Columbus should be protected.

In January 2012, the Superior Court entered an interlocutory injunction enjoining GDOT "from issuing any vegetation management permits throughout the State of Georgia until final adjudication of the issues in this litigation." The parties thereafter filed cross-motions for summary judgment. In March 2012, GDOT amended regulation 672-14-.03 entitled "Application for a Vegetation Management Permit." In this amended regulation, GDOT defined five different types of "permitted beautification projects" as:

(1) where the beautification project is specifically identified in GDOT's construction or landscape plans; or (2) permitted landscape projects pursuant to special encroachment permits; or (3) permitted landscape projects pursuant to written agreements with third parties which identify the project or vegetation to be planted; or (4) vegetation which was planted by GDOT; or (5) any other project that is determined by GDOT's Landscape Architect Manager, based on the totality of the circumstances, to have been planted with GDOT approval but which plans or documents may no longer be available.

In July 2012, the Superior Court granted in part, and denied in part, the parties' respective motions for summary judgment, finding: (1) the vegetation maintenance program of OCGA § 32-6-75.3 and the accompanying valuations set forth in the MOG were constitutional and, therefore, summary judgment should be granted to CBS Outdoor with regard to Columbus's claims that these laws violated the gratuities clause, the trustee clause, and the due process clause

of the Georgia Constitution; (2) take-down credits given to advertisers for removing old billboards violated the gratuities clause and, as a result, summary judgment should be granted to Columbus on this claim; and (3) certain factual issues remained regarding what aspects of the pre-existing beautification projects located in the city of Columbus constitute "permitted beautification projects" under the statute, thereby precluding any ruling on Columbus's claim that the laws in question violate equal protection and requiring the continuance of a statewide injunction on granting any new vegetation removal permits.

These rulings generated three appeals. In Case No. S13A0079, Columbus argues that the trial court erred by determining that OCGA § 32-6-75.3 and the valuation methods employed in the MOG are constitutional. In Case No. S13X0080, CBS Outdoor and Outdoor Advertising Association of Georgia, Inc. ("OAAG"), an intervenor in these cases, challenge the trial court's decisions to continue a statewide injunction against the issuance of vegetation permits and to defer a ruling on Columbus's equal protection claim. In Case No. S13X0081, GDOT contends, among other things, that the trial court erred by determining that take-down credits extended under the statute violate the gratuities clause.

For the reasons set forth below, we affirm the trial court's rulings in Case Nos. S13A0079 and S13X0080, but, in Case No. S13X0081, we reverse the trial court's determination that the take-down credits violate the gratuities clause.

## *Case No. S13A0079*

Columbus contends that OCGA § 32-6-75.3 violates three constitutional provisions: the gratuities clause, the trustee clause, and the due process clause of the state constitution. We disagree.

> [A]ll presumptions are in favor of the constitutionality of an [A]ct of the legislature and . . . before an Act of the legislature can be declared unconstitutional, the conflict between it and the fundamental law must be clear and palpable and this [C]ourt must be clearly satisfied of its unconstitutionality. Moreover, because statutes are presumed to be constitutional until the contrary appears, . . . the burden is on the party alleging a statute to be unconstitutional to prove it.

(Citations and punctuation omitted.) *Dev. Auth. of DeKalb County v. State of Ga.*, 286 Ga. 36, 38 (1) (684 SE2d 856) (2009).

With regard to the gratuities clause, we previously rejected the same argument made here by Columbus in *Garden Club II*.

> Whether the statute violates the gratuities clause is a mixed question of law and fact. Under this standard of review, we must defer to the trial court's factual findings unless clearly erroneous, but are not bound by its legal conclusions. As a result, this Court's responsibility is to decide whether the new statutory provisions provide a benefit to the public that is sufficiently substantial to avoid being an unconstitutional gratuity.

(Footnote omitted.) *Garden Club II*, supra, 274 Ga. at 655 (1). Based on this standard of review, we held:

> After reviewing the legislative scheme outlined in OCGA § 32-6-75.3, we conclude that the statute does not violate the gratuities clause of the Georgia Constitution. First, the legislature stated that outdoor advertising benefits the state, and the DOT and outdoor advertising association presented evidence at trial that the traveling public benefits from billboard advertising by receiving information that assists them in making decisions. Second, the statutory provisions now require that the private individuals who benefit financially from the removal of the trees on public property pay for the privilege of enabling the public to view their privately-owned signs unimpeded by trees and other natural obstructions. Specifically, the statute requires permit applicants to pay the "appraised value of the benefit" that the state confers, which the statute defines as the value of the affected trees. . . . Although the General Assembly could have chosen other ways to deal with the issue, we cannot say that its decision to allow the cutting of trees on public property in exchange for information on billboards and the payment of the value of the trees amounts to an illegal gift under our constitution. Therefore, we affirm the trial court's ruling that the statute is constitutional.

(Footnotes omitted.) Id. We decline to revisit these conclusions.

With regard to the trustee clause issue, Columbus contends that the rules promulgated in GDOT's MOG undervalue trees cut down by billboard advertisers. As a result, Columbus contends that GDOT has failed, as trustee of Georgia citizens, to receive full compensation for trees that it allows billboard owners to remove. The trial court found

that OCGA § 32-6-75.3 does not violate the trustee clause of the Georgia constitution, which provides: "Public officers are the trustees and servants of the people and are at all times amenable to them." Ga. Const. 1983, Art. I, Sec. II, Par. I. Specifically, the trial court found that the trustee clause is not applicable to regulations issued by GDOT in the MOG. We agree.

The constitutional trust provision is applied when "a public officer had definitely benefitted financially (or definitely stood to benefit financially) as a result of simply performing their official duties." *Ianicelli v. McNeely*, 272 Ga. 234, 236 (2) (527 SE2d 189) (2000). That is because

> [a]ll public officers, within whatever branch and at whatever level of our government, and whatever be their private vocations, are trustees of the people, and do accordingly labor under every disability and prohibition imposed by law upon trustees relative to the making of personal financial gain from the discharge of their trusts.

(Emphasis omitted.) *Ga. Dept. of Human Resources v. Sistrunk*, 249 Ga. 543, 547 (291 SE2d 524) (1982), overruled on other grounds by *Ga. Ports Auth. v. Harris*, 274 Ga. 146 (1) (549 SE2d 95) (2001). This is not a case in which a public officer is reaping personal financial gain at the expense of the public; therefore, as the trial court found, the trustee clause is not applicable to the facts of this case.

Finally, with regard to due process, the appellants other than the City of Columbus contend that the statutory scheme set forth in OCGA § 32-6-75.3 is unconstitutionally vague because "permitted beautification project" is inadequately defined.[1]

> " 'To withstand an attack of vagueness or indefiniteness, a civil statute must provide fair notice to those to whom the statute is directed and its provisions must enable them to determine the legislative intent.' " *Bell v. Austin*, 278 Ga. 844, 847 (607 SE2d 569) (2005) (citation omitted). Moreover, "[w]ith regard to a vagueness challenge, there is a greater tolerance of enactments with civil rather than criminal

---

[1] The City of Columbus has no standing to pursue a due process claim. *City of Atlanta v. Spence*, 242 Ga. 194, 195 (249 SE2d 554) (1978) (neither a county nor a municipal corporation has standing to challenge a state statute on state or federal equal protection or due process grounds).

penalties because the consequences of imprecision are qualitatively less severe." *Foster v. State*, 273 Ga. 555, 556 (544 SE2d 153) (2001) (citations and punctuation omitted).

*Daniel v. Amicalola Elec. Membership Corp.*, 289 Ga. 437, 443 (3) (b) (711 SE2d 709) (2011).

Although "permitted beautification project" is not explicitly defined in the statute, GDOT has adopted a rule providing a clear definition of the use of the word "permitted" in this context. The 2012 adoption of Rule 672-14-.03 (9) (c), cited previously, makes clear the types of permitted beautification projects whose plantings are protected from removal, including types which have either received general approval or an actual permit. Under these circumstances, it cannot be said that the statute is unconstitutionally vague. Id.

## Case No. S13X0080

CBS Outdoor contends that the trial court erred by continuing a statewide injunction prohibiting the issuance of vegetation management permits until it could obtain enough evidence to determine whether the pre-existing beautification project located in the City of Columbus qualified as a "permitted beautification project" and whether Columbus's right to equal protection had been violated by OCGA § 32-6-75.3 and the MOG. "The grant or denial of an interlocutory injunction will not be interfered with by this Court in the absence of a manifest abuse of discretion. [Cit.]" *Hampton Island Founders v. Liberty Capital*, 283 Ga. 289, 292 (1) (658 SE2d 619) (2008). Because the trial court's decision on Columbus's equal protection claim has the potential of affecting the statewide application of OCGA § 32-6-75.3, we cannot say that, under the specific facts and posture of this case, the trial court manifestly abused its discretion.

## Case No. S13X0081

OCGA § 32-6-75.3 (j) allows billboard owners to obtain a credit against the appraised value of cut trees by taking down old billboards. The statute provides:

> The removal of signs with lapsed outdoor advertising permits is of benefit to this state but is often too costly for the department to undertake. In order to encourage the removal of such signs and permitted signs that do not conform to the state's current requirements for outdoor advertising signs without the expenditure of state funds, a credit which may

be used as an offset toward the total appraised value of the vegetation to be removed in accordance with a vegetation maintenance permit shall be awarded for each qualifying sign removal. . . .

The trial court determined that these take-down credits violated the gratuities clause of the state constitution.

We find that OCGA § 32-6-75.3 (j) does not violate the gratuities clause. As an initial matter, the Legislature explicitly found that removal of outdated signs provides a benefit to the State and that there would be a financial benefit in allowing take-down credits. In addition, these credits may be conferred only when an outdoor advertiser performs the valuable work of removing old signs, saving the State from having to expend funds to do so, itself. Accordingly, there is no violation of the gratuities clause. See *Garden Club II.*

*Judgments affirmed in Case Nos. S13A0079 and S13X0080. Judgment reversed in Case No. S13X0081. All the Justices concur.*

DECIDED MAY 6, 2013.

*Page, Scrantom, Sprouse, Tucker & Ford, James C. Clark, Jr., Kirsten C. Stevenson, Thomas F. Gristina, Clifton C. Fay, Kenneth M. Henson, Jr., Lucy T. Sheftall,* for City of Columbus et al.

*Samuel S. Olens, Attorney General, William W. Banks, Jr., Senior Assistant Attorney General, Denise E. Whiting-Pack, Senior Assistant Attorney General, Mary J. Leddy Volkert, Assistant Attorney General,* for Georgia Department of Transportation et al.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Scott W. Peters, Waldrep, Mullin & Callahan, Joseph L. Waldrep,* for CBS Outdoor, Inc. et al.

*Parker, Hudson, Rainer & Dobbs, C. Edward Dobbs, Rebeccah L. Bower, Troutman Sanders, Arthur H. Domby,* amici curiae.