[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11222

_____

GSR MARKETS LIMITED,

                                                                    Plaintiff-Appellant,

*versus*

DIANA MCDONALD, et al.,

                                                                    Defendants,

VALKYRIE GROUP LLC,
HUGH AUSTIN,
BRANDON AUSTIN,
WELLS FARGO BANK, NA,

                                                                    Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-01005-MLB

———————————

Before WILLIAM PRYOR, Chief Judge, and JORDAN and BRASHER, Circuit Judges.

PER CURIAM:

The general tort rule is that banks do not owe a common law duty of care to noncustomers. *See generally* 9 C.J.S. Banks and Banking § 246 (2024). Some states, however, recognize an exception: when a bank knows or should have known that a fiduciary relationship exists between a customer and noncustomer, and it has actual knowledge of its customer's misappropriation of funds. *See, e.g., Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094–95 (11th Cir. 2017) (Florida law). The question here is whether Georgia recognizes that exception. Finding no Georgia state court decision on point, we predict that the Supreme Court of Georgia would not recognize an exception to the general rule. Applying *de novo* review, we therefore affirm the district court's grant of summary judgment in favor of Wells Fargo Bank on GSR Markets Limited's negligence claim. *See Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

This case arises out of a deal gone wrong, the details of which are not particularly important for our purposes. What is

relevant is that GSR is a noncustomer suing a bank, Wells Fargo, for its allegedly negligent handling of an escrow account in connection with that deal. GSR claims that Wells Fargo was slow to act when it was made aware of the malfeasance of the escrow agent—Wells Fargo's customer—and that it should not have authorized wire transfers from the escrow account. GSR is now out $2 million and without its desired commodity—Bitcoin cryptocurrency.

As every first-year law student knows, the elements of negligence generally are duty, breach, causation, and damages. In Georgia, that is no different. *See Rasnick v. Krishna Hosp., Inc.*, 713 S.E.2d 835, 837 (Ga. 2011) (explaining that to establish negligence, a plaintiff must show "the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty").

Without a duty of care there can be no breach that causes damages. That is why the "threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff." *Boller v. Robert W. Woodruff Arts Ctr.*, 716 S.E.2d 713, 716 (Ga. Ct. App. 2011) (citation omitted). A "legal duty is the obligation to conform to a standard of conduct under the law," and it can arise by way of statute or common law. *See Rasnick*, 713 S.E.2d at 837. Whether a duty exists is a question of law. *See Boller*, 716 S.E.2d at 716.

As an initial matter, the parties agree that the general rule is that "a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship." *Eisenberg v. Wachovia*

*Bank, N.A.*, 301 F.3d 220, 225 (4th Cir. 2002). *Cf. Dep't of Labor v. McConnell*, 828 S.E.2d 352, 358 (Ga. 2019) (holding that there is no "common law duty to all the world not to subject [others] to an unreasonable risk of harm") (citation and internal quotation marks omitted).

GSR contends, however, that even though it was not a customer of Wells Fargo, the bank owed it a common law duty of care because of the exception to the general rule. We have held that some states, like Florida, recognize an exception when "the bank knows or ought to know of the fiduciary relationship [between the customer and noncustomer], and the bank has actual knowledge of its customer's misappropriation." *Chang*, 845 F.3d at 1094–95. *See also Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 232 (5th Cir. 2010) (same under New York law). Wells Fargo disputes that any such exception exists under Georgia law.

The problem for GSR is that it cannot point us to a Georgia case that recognizes the exception under Georgia law. The best GSR can do is point us to a federal district court case out of Georgia, *First American Title Ins. v. Eddings*, No. 12-10, 2014 WL 106691 (M.D. Ga. Jan. 9, 2014). But *Eddings* is hardly persuasive given that it relies on two Georgia cases that did not involve suits by noncustomers against a bank and that did not discuss negligence. *See id.* at \*3. In addition, other district courts in Georgia have ruled differently. *See, e.g., Hofschutle v. SunTrust Banks, Inc.*, No. 20-01676, 2021 WL 5230732, at \*3 (N.D. Ga. Mar. 4, 2021); *Zeal Glob. Servs. Private Ltd. v. SunTrust Bank*, 508 F. Supp. 3d 1303, 1316–17 (N.D. Ga.

2020); *Midwest Feeders, Inc. v. Regions Bank (Inc.) (Alabama)*, No. 15-00013, 2016 WL 5796894, at *6 (M.D. Ga. Sep. 30, 2016).

In any event, without a Georgia state court decision on point, we "presume that [Georgia] courts would adopt the majority view on a legal issue in the absence of indications to the contrary." *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, 32 F.4th 1347, 1358 (11th Cir. 2022) (citation omitted). Though some states have recognized the exception, the majority have not. *See* 9 C.J.S. Banks and Banking § 246 (2024). Given the lack of consensus, we are, much like our colleagues on the Fifth Circuit, reluctant to use our *Erie* guess, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), to impose a new regime of liability for Georgia's banks. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 519 (5th Cir. 2018) (coming to the same conclusion under Mississippi law).

For the same reason, we reject GSR's alternative argument, made under the Restatement (Second) of Torts § 324A, that Wells Fargo assumed a duty because it voluntarily undertook the administration of the escrow account.

Accordingly, we affirm the district court's order granting summary judgment in favor of Wells Fargo on GSR's negligence claim.

**AFFIRMED.**